10-3421-ag
Zhang v. Holder

BIA
Rocco, IJ
A095 381 962

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of April, two thousand twelve.

PRESENT:
  RALPH K. WINTER,
  ROBERT A. KATZMANN,
  DEBRA ANN LIVINGSTON,
   *Circuit Judges.*

_____

JUN YING ZHANG,
  *Petitioner,*

   v.          10-3421-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  H. Raymond Fasano, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jun Ying Zhang, a native and citizen of China, seeks review of a July 30, 2010, order of the BIA affirming the September 15, 2008, decision of Immigration Judge ("IJ") Michael Rocco denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Ying Zhang*, No. A095 381 962 (B.I.A. July 30, 2010), *aff'g* No. A095 381 962 (Immig. Ct. Buffalo, N.Y. Sept. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Past Persecution**

In her brief, Zhang does not challenge any of the specific inconsistencies cited by the agency in arriving at its adverse credibility determination.  Accordingly, we address only whether the agency erred in relying on those inconsistencies given that her testimony was internally consistent and her husband, Jun Xin Pan, admitted to having testified untruthfully during his own asylum proceedings. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008)

In *Bao Zhu Zhu v. Gonzales*, we concluded that substantial evidence did not support an IJ's adverse credibility determination as it was based primarily on discrepancies between the petitioner's account of her forced sterilization and her husband's account in earlier asylum proceedings, finding the IJ's decision "speculative" and "arbitrary" because he concluded, without explanation, that the husband "was telling the truth . . . and that therefore [petitioner] was not."  460 F.3d 426, 431-33 (2d Cir. 2006).

The present case is distinguishable from *Bao Zhu Zhu* because the BIA found that the discrepant accounts Zhang and Pan offered "str[uck] at the heart of [Zhang]'s claim that she underwent a forcible abortion in China," and concluded

3

that *neither* petitioner had provided truthful and reliable testimony. Furthermore, unlike Bao, Zhang ultimately admitted that she was aware that Pan had testified untruthfully during his asylum proceedings but initially failed to admit that knowledge during her testimony before the IJ, first asserting that she did not know what her husband had said, then stating that he was "mistaken." Finally, unlike in *Bao Zhu Zhu*, both the BIA and the IJ considered Pan's affidavit, in which he asserted that he had filed an asylum application containing misrepresentations and testified untruthfully because he received and followed "a lot of bad advice after coming to the United States," but reasonably determined that his explanation was unconvincing given that: (1) he had an opportunity to correct any misrepresentations during his hearing but failed to do so; and (2) he had filed an "Amended Personal Affidavit," seeking to correct untruthful information in his asylum application, which also contained material misrepresentations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The agency also

4

reasonably determined that Pan's admitted misrepresentations cast doubt on the truth of the underlying basis for Zhang's claim, *i.e.* her alleged forcible abortion, with the BIA approving of the IJ's determination that it was "implausible that a person with a purportedly legitimate factual basis for relief would assert the fact of his wife's forcible abortion, but fabricate the underlying details."  *Zhang*, No. A095 381 962, at 3.  *See Matter of O-D-*, 21 I. & N. Dec. 1079, 1083 (BIA 1998) ("Ordinarily, it is reasonable to infer that a respondent with a legitimate claim does not usually find it necessary to invent or fabricate documents in order to establish asylum eligibility").  Therefore, because the agency's decision was not "arbitrary," but instead relied on discrepancies between Zhang's and Pan's version of events to find that both individuals failed to testify credibly, substantial evidence supports the agency's adverse credibility determination.  *Cf. Bao Zhu Zhu*, 460 F.3d at 431-33.

The agency also did not err in finding that the evidence Zhang submitted was insufficient to rehabilitate her otherwise incredible testimony.  Specifically, the BIA reasonably afforded little probative weight to Zhang's United States medical records because they were "non-

5

contemporaneous" and were obtained for the filing of her application, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163-64 (2d Cir. 2006) (holding that the weight afforded to the evidence lies largely within the agency's discretion), *on reh'g*, 471 F.3d 315 (2d Cir. 2006), and the unauthenticated abortion certificate did not demonstrate that any procedure she may have undergone was involuntary, *see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that the IJ properly relied on background evidence in the record to discount the applicant's claim that an abortion certificate evidenced a forced abortion because "so-called 'abortion certificates' are most likely doctors' excuse-letters for workers who undergo abortion voluntarily").

**II.  Well-Founded Fear**

Absent a showing of past persecution, Zhang was required to establish an objectively reasonable fear of future persecution.  *See* 8 C.F.R. § 208.13(b).  Her arguments regarding her alleged fear of forced sterilization on account of the birth of her two children, one in China and one in the United States, are foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).

6

Although Zhang devotes a significant portion of her brief to arguing that the BIA's decision in *Matter of J-W-S-*, 24 I. & N. Dec. 185 (BIA 2007), was wrongly decided, we have previously considered *Matter of J-W-S-* and found no legal error in its evidentiary framework. *See Jian Hui Shao*, 546 F.3d at 163. Furthermore, Zhang submitted no individualized evidence indicating that she would be personally targeted for forcible sterilization, and the background evidence she submitted is not distinguishable from the evidence addressed in *Jian Hui Shao*. *Id.* at 164-72. Although Zhang points to her testimony regarding her alleged abortion as evidence that she will suffer similar mistreatment in the future, that testimony is of negligible probative value because she was found not credible. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) (holding that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible") (emphasis omitted).

Finally, we grant the government's motion to strike the extra-record evidence cited in Zhang's brief, as it was not contained in the administrative record before the agency. *See* 8 U.S.C. § 1252(b)(4)(A).

7

For the foreigoing reasons, the government's motion to strike is GRANTED and the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk